UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

B.R. and J.R., on behalf of,
G.R.,

                Plaintiffs,

        v.

PROSSER SCHOOL DISTRICT,

           Defendant.

No. CV-07-5067-FVS

ORDER DENYING PLAINTIFFS'
MOTION FOR RECONSIDERATION

**THIS MATTER** comes before the Court on Plaintiffs' motion for reconsideration of the Court's order affirming the decision of the ALJ in this matter. (Ct. Rec. 22, 26, 28). Also before the Court is Plaintiffs' motion to supplement the administrative record. (Ct. Rec. 24, 27, 32). Plaintiffs are represented by JoAnne G. Comins Rick. Defendant is represented by Joni R. Kerr.

**BACKGROUND**

This matter came before the Court for the review of an administrative record. This is a civil action following a due process hearing concerning the educational placement of G.R. ("Plaintiff") under the Individuals with Disabilities Education Improvement Act of 2004 ("IDEA") 20 U.S.C. § 1400 *et seq.* The district court retained jurisdiction over this matter pursuant to 20 U.S.C. § 1415(i)(2)(A).

Plaintiff began receiving services from the Prosser School District ("the District") in the second grade. At that time, he

ORDER . . . - 1

qualified for services under the eligibility category of health impaired, based on a diagnosis of ADHD made by an outside professional.  In 2003, when Plaintiff was 15 years old, he was diagnosed with Asperger's Syndrome/Autism Spectrum Disorder, and the District changed Plaintiff's eligibility for special education services from health impaired to the autism category.  Plaintiff received special education services from the district through the completion of his senior year in June 2006.

On September 8, 2005, the District held an annual Individual Education Plan ("IEP") meeting for the upcoming 2005-2006 school year.  At the IEP meeting, Plaintiff's mother indicated that she had learned about Woods Services, Inc. ("the Woods"), a non-public academic and residential placement program for students with autistic spectrum disorders, located in Langhorne, Pennsylvania.

After touring the Woods in September 2005, Plaintiff's mother, by letter dated October 7, 2005, formally requested Plaintiff be placed at the Woods in the residential and academic program at public expense.  The District thereafter issued Prior Written Notices denying the request for private residential placement and notifying of the District's intent to reevaluate Plaintiff.  Plaintiff's parents and the District agreed to utilize two outside evaluators, Mark Derby, Ph.D., and Scott Grewe, Ph.D.

When Plaintiff started the 2005-2006 school year at the District, a second para-pro was assigned to take daily notes on Plaintiff's behavior.  These daily behavior logs were maintained by the District on the student for the 2005-2006 school year.

ORDER . . . - 2

On November 14, 2005, Plaintiff's parents filed a request for a due process hearing against the District.  The relief sought included Plaintiff's placement at the Woods at public expense.  Although this request was later withdrawn, a second request for a due process hearing was filed by the parent's attorneys on December 9, 2005.  The second request also included a request for Plaintiff's placement at the Woods at public expense.

In February 2006, the IEP team met and the outside evaluators outlined their plan for assessments and testing.  Drs. Derby and Grewe completed their assessments and provided a written report to Plaintiff's parents after school had recessed in June 2006.  On June 16, 2006, a meeting was held to discuss the reevaluation results of Drs. Derby and Grewe.  The reevaluation report did not recommend residential placement and determined that the District should be able to provide a program for Plaintiff in the District.

In early July 2006, Plaintiff's parents privately placed and paid tuition for Plaintiff to attend the Woods.

On July 31, 2006, the District made a written settlement offer concerning the pending due process hearing filed in December 2005. The offer included program and placement in the District for the 2006-2007 school year and indicated that an IEP meeting would be convened prior to the start of the school year to develop goals and a behavior management plan in accordance with the recommendations of Drs. Derby and Grewe.  On August 11, 2006, Plaintiff's parents accepted the District's settlement offer "as written".

///

ORDER . . . - 3

On August 15, 2006, a draft IEP was faxed to Plaintiff's mother. Plaintiff's parents rejected it and notified the District of their intent to enroll Plaintiff at the Woods at public expense, effective August 29, 2006.

On August 21, 2006, the District rejected the parents' request for placement at the Woods at public expense and gave notice that an IEP meeting would be scheduled prior to the start of the school year. An IEP meeting was set for August 28, 2006, the day before school was to begin. Plaintiff's mother objected to the date scheduled for the IEP meeting, because they would not be able to attend. The District staff proceeded with the meeting as scheduled, and a new IEP for Plaintiff was adopted. On September 13, 2006, Plaintiff's parents received a letter, accompanied by the IEP, indicating that the District was prepared to provide an appropriate educational program for Plaintiff for the 2006-2007 school year.

Based on Plaintiff's November 2006 request for a due process hearing, evidentiary hearings were held in May and June 2007 before ALJ Janice E. Shave. The ALJ issued a Findings of Fact, Conclusions of Law and Order on August 13, 2007 which concluded that the District appropriately convened an IEP meeting on August 28, 2006, which the parents chose not to participate in, and offered a free appropriate public education ("FAPE") in the least restrictive environment because the student did not require residential placement in order to make educational progress. The ALJ found that any procedural and/or substantive violations did not result in an educational deprivation or loss to Plaintiff. The ALJ further concluded that the parents had

ORDER . . . - 4

not provided the requisite ten-day prior notice to the District before enrolling Plaintiff at the Woods and that other relevant actions of the parents with respect to their dealings with the District did not appear reasonable.  The ALJ determined that, based upon the totality of circumstances presented, reimbursement for the cost of the Woods for the 2006-2007 school year was not appropriate.

On September 4, 2008, this Court affirmed the decision of the ALJ and denied Plaintiffs' request for declaratory judgment, tuition reimbursement for the placement of the Student at the Woods School for the 06-07 school year, prospective funding for the Student's placement at the Woods School, and Plaintiffs' attorney's fees and costs.  (Ct. Rec. 21).  Plaintiffs subsequently filed the instant motion for reconsideration.  (Ct. Rec. 22, 26, 28).

**DISCUSSION**

**I.   PLAINTIFFS' NOTICE OF APPEAL**

On September 12, 2008, Plaintiffs moved the Court to reconsider its order affirming the decision of the ALJ.  (Ct. Rec. 22).  On September 18, 2008, Plaintiffs filed an amended motion for reconsideration.  (Ct. Rec. 28).  On October 1, 2008, before the Court had an opportunity to address Plaintiffs' motion for reconsideration, Plaintiffs filed a notice of appeal from this Court's decision with the Ninth Circuit Court of Appeals.  (Ct. Rec. 36).

Pursuant to Fed. R. App. P. 4(a), if a party files a notice of appeal after the Court enters judgment but before the Court addresses a motion for reconsideration, "the notice becomes effective to appeal

a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered." Fed. R. App. P. 4(a)(4)(B)(i). Accordingly, this Court retains jurisdiction to address the pending motion for reconsideration, despite the filing of a notice of appeal by Plaintiffs.

## II. SUPPLEMENT THE RECORD

On September 15, 2008, Plaintiffs moved the Court for an order permitting them to supplement the administrative record. (Ct. Rec. 24). Subsequent filings, on September 18, 2008 (Ct. Rec. 27) and September 20, 2008 (Ct. Rec. 32) were necessary to provide the Court with the requested supplementation and to comply with Court rules. Plaintiffs seek to introduce into the record an OSPI Technical Advisory Paper, correspondence between the parties in August 2006, a Prosser High School Computer Discipline Log, and Daily Behavior Logs from March to May 2006. (Ct. Rec. 24, 27, 32).

The District did not specifically object to Plaintiffs' proffered additional evidence. (Ct. Rec. 39).

When a party challenges the outcome of an IDEA due process hearing, the reviewing court receives the administrative record, hears any additional evidence, and, "basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." 20 U.S.C. § 1415(i)(2)(C). Review by the Court has been described as "something short of a trial *de novo*," being on the record with the opportunity for the parties to supplement the record. *Ash v. Lake Oswego Sch. Dist. No. 7J*, 766

///

F.Supp. 852, 861 (D. Or. 1991) (quoting *Town of Burlington v. Department of Educ.*, 736 F.2d 773, 790 (1st Cir. 1984).

Although this Court's "review" of the instant matter is complete (Ct. Rec. 21), Plaintiffs' request to supplement the record with the proffered information (Ct. Rec. 24) shall be granted for purposes of the Court's review of Plaintiffs' motion for reconsideration (Ct. Rec. 22, 26, 28).

## III.  RECONSIDERATION

### A.  Legal Standard

It is a basic principle of federal practice that "courts generally . . . refuse to reopen what has been decided . . . ." *Messinger v. Anderson,* 225 U.S. 436, 444 (1912); *see, Magnesystems, Inc. v. Nikken, Inc.*, 933 F.Supp. 944, 948 (C.D. Cal. 1996).  The Federal Rules of Civil Procedure do not mention a "motion for reconsideration."  Nevertheless, a motion for reconsideration is treated as a motion to alter or amend judgment under Rule 59(e) if it is filed within ten days of entry of judgment.  *United States v. Nutri-Cology, Inc.*, 982 F.2d 394, 397 (9th Cir. 1992).  Otherwise, it is treated as a Rule 60(b) motion.  *See, United States v. Clark*, 984 F.2d 31, 34 (2nd Cir. 1993).

A motion for reconsideration should not be used "to ask the Court to rethink what it has already thought." *Motorola, Inc. v. J.B. Rodgers Mech. Contrs., Inc.*, 215 F.R.D. 581, 582 (D. Ariz. 2003).  *See, also*, *Taylor v. Knapp*, 871 F.2d 803, 805 (9th Cir. 1988) (holding denial of a motion for reconsideration proper where "it presented no arguments that had not already been raised in opposition

to summary judgment"); *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (same).  "Motions for reconsideration serve a limited function:  to correct manifest errors of law or fact or to present newly discovered evidence." *Publisher's Resource, Inc. v. Walker Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (quoting *Keene Corp. v. International Fidelity Ins. Co.*, 561 F.Supp. 656, 665-666 (N.D. Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984)); *see, Novato Fire Protection Dist. v. United States*, 181 F.3d 1135, 1142, n. 6 (9th Cir. 1999), *cert. denied*, 529 U.S. 1129, 120 S.Ct. 2005 (2000).

Here, Plaintiffs moved for reconsideration, pursuant to Fed. R. Civ. P.60(b).  (Ct. Rec. 22, 26, 28).  Reconsideration is available under Rule 60(b) upon a showing of (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief.  Fed. R. Civ. P. 60(b).

Plaintiffs' pleadings request that the Court review and consider the additional evidence presented in the Motion to Supplement the Record, and, upon that basis, reconsider and reverse its Order Affirming the ALJ under Rule 60(b)(2).  (Ct. Rec. 28 at 2-3; Ct. Rec. 43 at 2-3).  Plaintiffs additionally request relief pursuant to Fed. R. Civ. P. 60(b)(3) based on the District's "intransigence and bad faith" and pursuant to Fed. R. Civ. P. 60(b)(6) "by virtue of the actualities surrounding the settlement agreement."  (Ct. Rec. 28 at 3).

ORDER . . . - 8

**B.    Rule 60(b)(2) - New Evidence**

Plaintiffs contend that the behavior logs dated March to May 2006 reveal increasing acts of violence by Plaintiff.  Plaintiffs assert that this information was withheld from evaluators Grewe and Derby, as well as Plaintiff's parents, thus resulting in an inaccurate IEP.  Plaintiffs argue that it is doubtful that Drs. Grewe and Derby would have reached the same conclusions had the behavior logs been disclosed to them during their evaluation.  (Ct. Rec. 28).

With respect to Plaintiff's behavior, the ALJ noted that over the course of Plaintiff's education, the parents were made aware of Plaintiff's foul language, emotional rages, and threats of violence against himself and others, including classmates and District staff. On occasion, the parents were notified on a daily or weekly basis. During the 2005-2006 school year, the parents were alerted of Plaintiff's behavioral problems, but were not informed each day or each week of the specifics of his unacceptable behaviors.  The parents were, however, aware that Plaintiff had two instructional assistants assigned to him because of his disruptive behaviors. Furthermore, Drs. Derby and Grewe performed evaluations and made observations of Plaintiff during the 2005-2006 school year.  Drs. Derby and Grewe opined there was a need for a behavioral plan with respect to Plaintiff.  The focus of the behavioral component of the 2006 IEP was to increase compliance with teacher directions, increase appropriate language and decrease frequency of disruptive behaviors.

///

///

ORDER . . . - 9

The Court concluded that based on the parents' close involvement with Plaintiff, the parents' knowledge of Plaintiff's behavioral difficulties, and the documented need for a behavior plan noted in the reevaluation report, Plaintiff's disruptive behaviors reported in the behavior logs could not have been a complete surprise to the parents. The same is true with respect to the recently revealed behavior logs. As determined by the ALJ, and affirmed by this Court, the withholding of the behavior logs did not deprive the parents of essential information in order to adequately participate in the IEP process.

Plaintiffs assert that it is inconceivable that Drs. Derby and Grewe would have recommended "in district placement" if the daily behavior logs had been disclosed.[1] This same argument was previously advanced by Plaintiffs with respect to earlier in time behavior logs.

As indicated by the Court in its September 4, 2008 order, although the parties' witnesses offered differing opinions regarding Plaintiff's needs, with the testimony of each party's witnesses supporting the position of that party, the ALJ found that the most reliable opinion is that contained in the report of Drs. Derby and Grewe, and it is not the role of this Court to second-guess the ALJ's characterization and weighing of the evidence. *R.B., ex rel. F.B. v. Napa Valley Unified School Dist.*, 496 F.3d 932, 942-943 (9th Cir. 2007).

---

[1]Plaintiffs argue it is speculation to conclude Drs. Derby and Grewe would have maintained their recommendation if they would have had the benefit of the behavior logs. However, it is also speculation to assume their opinions would have changed.

ORDER . . . - 10

The Court held as follows:

While Plaintiffs present the differing opinions of Drs. Bernard and Hornberger, who opined that the Student required residential placement, Plaintiffs have failed to demonstrate that the alleged withholding of the behavior logs from Drs. Derby and Grewe had any material effect on the opinions of these medical professionals.  As noted by the ALJ, the reevaluation report was generated by individuals with significant knowledge of the Student, his family and the District, Drs. Derby and Grewe spent months on the various portions of the evaluation, the report was thorough, and the evaluators derived information from both parties and were thus not as likely to be swayed by a single source of information.  Drs. Derby and Grewe reviewed the Student's records, administered tests, observed the Student at school and solicited input from District staff and the Student's mother.  Drs. Derby and Grewe completed their assessments and provided a detailed written report with recommendations in June 2006.  The thorough reevaluation report did not recommend residential placement and concluded that the District should be able to provide a program for the Student in the District.  Although Plaintiffs assert otherwise, the evidence does not establish that access to the behavior logs would have caused a substantial change to the reported opinions of Drs. Derby and Grewe.

(Ct. Rec. 21 at 14-15).

Plaintiffs' new evidence, behavior logs from March to May 2006, does not persuade this Court to alter its prior review and analysis. It was not err for the ALJ to rely on the opinions of Drs. Derby and Grewe despite the withholding of the earlier in time behavior logs. Plaintiffs also fail to establish that access to the behavior logs from March to May 2006 would have caused a substantial change to the reported opinions of Drs. Derby and Grewe.  Plaintiffs' motion for reconsideration with respect to this claim is denied.

**C.   Rule 60(b)(3) - Fraud, Misrepresentation, or Misconduct**

Plaintiffs argue that the District's "intransigence and bad faith" in withholding the behavior logs warrants a reversal of the Court's order affirming the ALJ.  Plaintiff's allegations of bad

ORDER . . . - 11

faith or misconduct are unsubstantiated.  The Court is not persuaded

to reconsider its order pursuant to Fed. R. Civ. P. 60(b)(3).

**D.    Rule 60(b)(6) - Any Other Reason Justifying Relief**

Plaintiffs' request for reconsideration with respect to the

Court's review of the parties' settlement agreement is based upon

Rule 60(b)(6).  Fed. R. Civ. P. 60(b)(6) provides, in pertinent part,

that a "court may relieve a party . . . from a final judgment, order,

or proceeding for the following reasons: . . . (6) any other reason

justifying relief from the operation of the judgment."  Rule 60(b)(6)

is a catch-all ground for relief.  "Rule 60(b)(6) has been used

sparingly as an equitable remedy to prevent manifest injustice.  The

rule is to be utilized only where extraordinary circumstances

[exist]."  *United States v. Alpine Land & Reservoir Co.*, 984 F.2d

1047, 1049 (9th Cir.), *cert. denied*, 510 U.S. 813, 114 S.Ct. 60, 126

L.Ed.2d 29 (1993).

With regard to the settlement agreement between the parties, the

Court concluded that the ALJ appropriately considered the July

31/August 11, 2006 settlement agreement as evidence of the parties'

acceptance of the reevaluation report as a proper framework for an

IEP.  The Court did not need to perform a detailed interpretation of

the settlement agreement in order to draw this conclusion.  Rather,

it is apparent that by simply agreeing to the District's settlement

proposal "as written", the parents agreed to the reevaluation report

serving as the template for the IEP.  The contentions provided by

Plaintiffs in their motion for reconsideration do not convince the

///

ORDER . . . - 12

Court that this finding is in error.  Plaintiffs' motion for reconsideration with respect to this claim is therefore denied.

### E.    Other Argument

Plaintiffs' motion for reconsideration also sporadically argues for the assignment of error based on various findings of this Court and the ALJ.  These arguments are generally mere restatements of assertions made in their initial briefing before this Court.  A motion for reconsideration should not be used "to ask the Court to rethink what it has already thought." *Motorola, Inc.*, 215 F.R.D. at 582.  Moreover, Plaintiffs fail to identify appropriate grounds under Rule 60(b) for the Court to reconsider these various findings. Plaintiffs' motion for reconsideration based on these contentions is denied.

The Court being fully advised, **IT IS HEREBY ORDERED**:

1.    Plaintiffs' Motion for Reconsideration (**Ct. Rec. 22**) and Amended Motion for Reconsideration (**Ct. Rec. 28**) are **DENIED**.

2.    Plaintiffs' Motion to supplement the administrative record (**Ct. Rec. 24**) is **GRANTED**.

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this   21st   day of October, 2008.

S/Fred Van Sickle

Fred Van Sickle
Senior United States District Judge

ORDER . . . - 13